**SIGNED THIS: September 27, 2007**

_____
                          **GERALD D. FINES**
            **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                  )
                                        )
JAMES EARL ROSE,                        )  Bankruptcy Case No. 05-94897
                                        )
            Debtor.                     )

OPINION

This matter having come before the Court on an Amended Motion for Relief from the Automatic Stay filed by Mercantile National Bank of Hammond and an objection thereto filed by the Debtor; the Court, having heard arguments of counsel and having reviewed written memoranda of the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Movant, by its Amended Motion for Relief from the Automatic Stay, seeks to initiate an additional cause of action in the Newton Superior Court in Kentland, Indiana, against the Debtor, James Earl Rose, and a third-party, Robert Underwood, based upon the same facts giving rise to a judgment against the Debtor entered by the Newton Superior Court prior to Debtor's filing for relief under Chapter 11 of the Bankruptcy Code. The

Debtor objects to the Amended Motion for Relief from the Automatic Stay arguing that the Movant has failed to show cause under 11 U.S.C. § 362(d)(1) for relief from the automatic stay given the matters before this Court concerning its claims against the Debtor.

As stated above, this matter is controlled by 11 U.S.C. § 362(d)(1) which states:

> (d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

While the term "cause" is not defined in the Bankruptcy Code, the Seventh Circuit has found that cause exists for stay relief where the moving party's property interest can be better protected or for any other cause the Court finds worthy. In the Matter of C & S Grain Co., Inc., 47 F.3d 233 (7th Cir. 1994). In determining whether cause exists for stay relief, the Court must consider what constitutes cause based upon the totality of circumstance in each particular case. Baldino v. Wilson, 116 F.3d 87 (3rd Cir. 1987).

In considering the Amended Motion for Relief from the Automatic Stay under § 362(d)(1), the Court first finds that, as for any action against third-party, Robert Underwood, the Movant is free to proceed in State Court given that Robert Underwood is not a debtor in bankruptcy with the protection of the automatic stay. In addressing this question as to the Debtor, the Court must find that the Movant has failed to show sufficient cause to allow relief from the automatic stay.

In addition to actions taken against the Debtor in State Court, the Movant has filed a claim in the Debtor's bankruptcy proceeding and has also filed an adversary proceeding objecting to the dischargeability of its debt. This Court clearly has jurisdiction over these matters and finds that it can enter any appropriate orders and judgments relating to the Movant's claim against the Debtor. As such, there is no basis to allow the Movant to institute new proceedings in State Court which could also be fully litigated within this Court's

jurisdiction. The Court further finds that the administration of Debtor's bankruptcy case could be significantly delayed by the prosecution of any further State Court litigation, and there has been no showing that such litigation is necessary.

In conclusion, the Court finds that the Movant has failed to show sufficient cause pursuant to 11 U.S.C. § 362(d)(1), to allow relief from the automatic stay for the purpose requested. The issues between the Movant and the Debtor can be fully litigated in this Court in proceedings on the claim filed by the Movant and the adversary proceeding objecting to the dischargeability of its debt.

###